## HUGH TODD v. STATE.

No. A-2705—Opinion Filed Jan. 18, 1919.

Rehearing Denied Jan. 15, 1921.

(194 Pac. 253.)

(Syllabus.)

**APPEAL AND ERROR**—Sentence—Modification. A careful examination of the entire record fails to disclose that any errors prejudicial to the defendant were committed in his trial, but, as the ends of justice will be met thereby, the punishment awarded the defendant is modified under authority of Rev. Laws 1910, § 6003 (Penal Code.)

*Appeal from County Court, Canadian County;*
*R. B. Forrest, Judge.*

Hugh Todd was convicted of unlawfully having in possession intoxicating liquors with intent to sell, and appeals. Modified and affirmed.

*J. N. Roberson*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Hugh Todd,

hereinafter referred to as defendant, was convicted of the offense of unlawfully having in his possession intoxicating liquors with intent to sell the same, and sentenced to be confined in the jail of Canadian county for five months, and to pay a fine of $500 and the costs of the prosecution. To reverse the judgment rendered, the defendant prosecutes this appeal.

The charging part of the information is as follows:

"That one Hugh Todd, on the 4th day of December, 1915, at and within the county of Canadian, state of Oklahoma, did then and there willfully and unlawfully have possession of intoxicating liquors with the intention of selling, bartering and otherwise furnishing same, contrary to the form of the statute in such cases made and provided, against the peace and dignity of the state."

While the overruling of a demurrer to the information is assigned as error, an examination of the record disclosed that a demurrer to the information was not in fact interposed. The information, as has been many times held by this court, is sufficient, and the uncontradicted evidence, which we deem unnecessary to recite, fully establishes the guilt of the defendant, against which the defendant did not offer any evidence.

Influenced by the indirect recommendation of the Attorney General, as shown in his brief, that the sentence in this case be modified, we have carefully examined the entire record in the case; and, while we find the record entirely free from prejudicial error, we think that the ends of justice will be properly met by a modification of the said judgment.

It is therefore ordered by this court that the judgment rendered in this case be modified, and that, in lieu

of the judgment rendered of $500 fine and five months' imprisonment in the county jail at hard labor, the defendant is hereby sentenced to imprisonment in the county jail of Canadian county for 75 days, and to pay a fine of $200, and to pay the costs of this prosecution, and upon failure to pay the said fine and costs, that the defendant be further confined until said fine and costs are satisfied as by law provided.

The judgment of the trial court as herein modified is affirmed.

DOYLE, P. J., and MATSON, J., concur.